**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HALLMARK HEALTH SYSTEM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case Number: 07-02254 |
| MICHAEL O. LEAVITT, Secretary, | ) | |
| Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**ANSWER**

Defendant, Michael O. Leavitt, the Secretary of Health and Human Services (the

"Secretary"), by and through his undersigned counsel, hereby answers Plaintiff's Complaint as

follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant answers the numbered paragraphs of the Complaint, using the same

numbering contained in the Complaint, as follows:

First Unnumbered Paragraph. This paragraph contains Plaintiff's characterization of this

action to which no response is required.

1 - 2.  Admits.

3 - 4.  These paragraphs contain conclusions of law to which no responses are required.

5-8.  These paragraphs contain Plaintiff's characterizations of the Medicare statute and

regulations, which speak for themselves.  Defendant denies such characterizations and

respectfully refers the Court to the cited provisions of the statute and regulations for a complete

and accurate statement of their contents.

9.  Admits.

10-11.  These paragraphs contain Plaintiff's characterizations and partial quotations of

Medicare regulations and the Federal Register, which speak for themselves.  Defendant denies

such characterizations and respectfully refers the Court to the cited provision of the regulations

and Federal Register for a complete and accurate statement of their contents.

12.  The first sentence of this paragraph contains Plaintiff's characterizations of the

Intermediary's determination dated March 1, 2004, which speaks for itself.  Administrative

Record ("A.R.") 1432-76; 2246-49; 2428-31; 4274-85.  Admits the second sentence of this

paragraph.

13.  Admits.

14.  Denies the first sentence of this paragraph.  Admits the second sentence of this

paragraph.

15-16.  Admits.

17-19.  These paragraphs contain Plaintiff's characterizations of the Medicare statute,

Medicare regulations and caselaw, which speak for themselves.  Defendant denies such

characterizations and respectfully refers the Court to the cited provisions of the statute,

regulations, and caselaw for a complete and accurate statement of their contents.

20.  The first sentence contains Plaintiff's characterizations of the Medicare statute and

regulations, which speak for themselves.  Defendant denies such characterizations and

respectfully refers the Court to the cited provisions of the statute and regulations for a complete

and accurate statement of their contents.  The Secretary lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in the second sentence of

this paragraph and on that basis denies the allegations in that sentence.  The third sentence of this

paragraph is a legal conclusion, to which no response is required.

21. Denies.

22. This paragraph contains Plaintiff's characterizations of the Memorandum of

Understanding dated September 28, 2001, to which no response is required.  Defendant denies

such characterizations and respectfully refers the Court to the cited document for a complete and

accurate statement of its contents.  A.R. 173-177.

23. This paragraph contains Plaintiff's characterizations of the Agreement dated

November 28, 2001, to which no response is required.  Defendant denies such characterizations

and respectfully refers the Court to the cited document for a complete and accurate statement of

its contents.  A.R.179-188.

24. Denies.

25. Admits.

26. Admits the first sentence of this paragraph.  Denies the second sentence of this

paragraph.

27-30. Admits.

31. Admits the first sentence of this paragraph.  The second and third sentences of this

paragraph contain Plaintiff's characterizations of the Intermediary's Preliminary Position Paper

to which no response is required.  Defendant denies any such characterizations and respectfully

refers the Court to the cited pleading for a complete and accurate statement of its contents.  A.R.

2600-12.

32.  Admits.

33.  Admits.

34.  This paragraph contains Plaintiff's characterizations of a discovery matter and

quotations from discovery requests to which no response is required.  Defendant denies such

characterizations and respectfully refers the Court to the cited requests for a complete and

accurate statement of their contents.  A.R. 3655-68

35.  Admits.

36-42.  These paragraphs contain Plaintiff's characterizations of a discovery dispute

between Plaintiff and the Intermediary prior to the hearing before the Provider Reimbursement

Review Board ("PRRB") to which no response is required.  Defendant denies such

characterizations and respectfully refers the Court to the cited discovery requests, responses,

motions, and decisions of the PRRB for a complete and accurate statement of their contents.

A.R. 3592-3618; 3634-39; 3653-54; 3677-93.

43.  This paragraph contains Plaintiff's characterizations of correspondence it sent to the

PRRB to which no response is required.  Defendant denies such characterizations and

respectfully refers the Court to the cited letter for a complete and accurate statement of its

contents.  A.R. 3564-69.

44-48.  Admits.

49-51.  These paragraphs contain Plaintiff's characterizations of the Intermediary's

Revised Final Position Paper to which no response is required.  Defendant denies such

characterizations and respectfully refers the Court to the cited pleading for a complete and

accurate statement of its contents.  A.R.  2209-2543.

52. Admits.

53. This paragraph contains Plaintiff's characterizations of its Motion to Exclude before the PRRB to which no response is required.  Defendant denies such characterizations and respectfully refers the Court to the cited pleading for a complete and accurate statement of its contents.  A.R. 2577-82.

54. Admits.

55. Admits the first sentence of this paragraph to the extent it refers to the hearing before the PRRB.  The second sentence of this paragraph contains Plaintiff's characterizations of the matters to be addressed at the hearing to which no response is required.  Defendant denies such characterizations and respectfully refers the Court to the transcript of the hearing for a complete and accurate statement of its contents.  A.R. 1291.

56. This paragraph contains Plaintiff's characterizations of its requests to the PRRB and the PRRB's response to which no response is required.  Defendant denies such characterizations and respectfully refers the Court to the transcript of the hearing before the PRRB for a complete and accurate statement of the interaction.  A.R. 1292.

57. Admits.

58. Admits the first sentence of this paragraph.  Admits that Plaintiff submitted testimony and other evidence at the PRRB hearing, but otherwise denies the second sentence of this paragraph.

59. Denies.

60. Admits the first sentence of this paragraph.  Admits that Plaintiff submitted a Post-

Hearing Brief, which the record reflects was received by the PRRB on January 16, 2007, but otherwise denies the second sentence of this paragraph.  A.R. 51.

61.  Admits the first sentence of this paragraph.  The second sentence of this paragraph contains Plaintiff's characterizations of the PRRB decision in this case to which no response is required.  Defendant denies such characterizations and respectfully refers the Court to the PRRB decision for a complete and accurate statement of its contents.  A.R. 6-23.

62-65.  These paragraphs contain Plaintiff's characterizations of the PRRB decision in this case to which no response is required.  Defendant denies such characterizations and respectfully refers the Court to the PRRB decision for a complete and accurate statement of its contents.  A.R. 6-23.

66.  Denies the first, fourth, fifth, and seventh sentences of this paragraph.  Admits that there was an MOU dated September 28, 2001, and a more comprehensive GME agreement dated November 29, 2001, but otherwise denies the second sentence of this paragraph.  The third and sixth sentences of this paragraph contain conclusions of law to which no response is required; to the extent a response is deemed necessary, denies.

67.  Denies.

68.  Denies the first, third and fourth sentences of this paragraph.  The second sentence of this paragraph contains conclusions of law to which no response is required; to the extent a response is deemed necessary, denies.

69.  Denies the first, third, fourth, fifth, and sixth sentences of this paragraph.  The second sentence of this paragraph contains Plaintiff's characterizations of certain uncited provisions of the PRRB Instructions to which no response is necessary; to the extent a response

is deemed necessary, denies.

## COUNT I

70. Defendant's preceding responses are hereby incorporated by reference as if fully set forth herein.

71. Denies.

## COUNT II

72. Defendant's preceding responses are hereby incorporated by reference as if fully set forth herein.

73. Denies.

## COUNT III

74. Defendant's preceding responses are hereby incorporated by reference as if fully set forth herein.

75. Denies.

## COUNT IV

76. Defendant's preceding responses are hereby incorporated by reference as if fully set forth herein.

77. Denies.

## COUNT V

78. Defendant's preceding responses are hereby incorporated by reference as if fully set forth herein.

79. Denies.

## COUNT VI

80.  Defendant's preceding responses are hereby incorporated by reference as if fully set forth herein.

81.  Denies.

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required.  To the extent that a response may be required, Defendant denies that Plaintiff is entitled to the relief requested or to any other relief.  All allegations contained in the Complaint not heretofore specifically admitted, modified, or denied are hereby generally denied as completely as if separately and specifically denied.

Defendant respectfully requests the Court to enter judgment dismissing this action with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary will file a certified copy of the administrative record.

Respectfully submitted,

                /s/
JEFFREY TAYLOR
United States Attorney
D.C. Bar No. 498610

           /s/

CHRISTOPHER B. HARWOOD
Assistant United States Attorney
N.Y. Reg. No. 4202982
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-0372
(202) 514-8780 (fax)


           /s/

BRETT BIERER
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room C2-05-23
7500 Security Boulevard
Baltimore, Maryland 21244-1850
(410) 786-1473
(410) 786-5187 (fax)

OF COUNSEL:

JAMES C. STANSEL
Acting General Counsel

JANICE L. HOFFMAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
    Counsel for Litigation

United States Department of
    Health and Human Services