UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HALLMARK HEALTH SYSTEM, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL O. LEAVITT, Secretary, U.S. Department of Health and Human Services <br><br> Defendant. | Civil Action No. 1: 07-2254 (EGS) |

**JOINT REPORT RESPONDING TO ORDER
OF APRIL 2, 2008**

Pursuant to this Court's Order of April 2, 2008, Hallmark Health System, Inc., and Michael O. Leavitt, Secretary of the U.S. Department of Health and Human Services (collectively the "Parties") submit this Report to the Court.

**Brief Statement of the Case**

This is an action for judicial review of a decision by the Provider Reimbursement Review Board ("Board") denying the claim Hallmark Health System, Inc. ("Hallmark") made for reimbursement from Medicare of a share of its costs associated with direct medical education and indirect medical education. A provider such as Hallmark that is dissatisfied with such a final decision of the PRRB may appeal to the federal District Court within 60 days after the provider receives notice of the final decision. 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. §§ 405.1877(a) and (f). This action was filed on December 12, 2007. On March 28, 2008, the Secretary filed its Answer and Affirmative Defenses along with a certified copy of the administrative record.

**Local Rule 16.3 (c) Matters Discussed by the Parties**

Although this action is exempted from Local Rule 16.3 (see L.R. 16.3(b)(1)) the Parties discussed the matters itemized therein in response to the Court's directive. The enumeration below corresponds to the paragraph numbers in L.R. 16.3 (c)):

1.    There are no pending dispositive motions at this time. The Parties believe that dispositive motions may be appropriate.

2.    At this time, the Parties do not believe that other parties will be joined. The Parties agree that other parties should be joined or the pleadings amended no later than September 1, 2008.

3.    The Parties agree that the case should <u>not</u> be assigned to a Magistrate Judge for all purposes, including trial.

4.    The Parties are currently discussing a possible mechanism for engaging in settlement discussions. In order to permit themselves sufficient time to determine whether such discussions could become productive and — if so — to implement them, the Parties propose that nothing substantive be scheduled in the case for the next 90 days.

5.    The Parties have discussed the possibility of mediation through a qualified private mediator. Defendant does not believe that such mediation is appropriate or necessary. Rather, if the matter can be settled, Defendant believes that the parties can arrive at an agreement through direct settlement discussions. Nevertheless, the Parties agree that any such mediation can be undertaken within the 90 day period provided in the previous paragraph.

6.    No summary judgment motions have been filed. The Parties believe that cross-motions for summary judgment would be the most appropriate way to resolve the remaining issues in the case. The Parties therefore submit the following briefing schedule for presenting such cross-motions to the Court:

- Plaintiff will file its Motion by October 15, 2008.

- Defendant will file its Opposition to the Plaintiff's Motion, along with Defendant's own Motion, by December 15, 2008.

- Plaintiff will file its Reply to the Defendant's Opposition, along with its Opposition to the Defendant's Motion, by February 15, 2009.

- Defendant will file its Reply to the Plaintiff's Opposition to the Defendant's Motion by April 15, 2009.

7. Not applicable. See L.R. 16.3(b).

8. The Parties do not contemplate conducting fact discovery as this is an administrative appeal. Plaintiff may seek to engage in contention discovery in order to ensure that the actual issues are sufficiently focused for efficient presentation to the Court. Defendant does not believe that such contention discovery is appropriate in this record review case.

9. The Parties agree that expert witnesses will not be needed in this matter.

10. Not applicable. This is not a class action.

11. The Parties do not anticipate a trial, bifurcated or otherwise, as this is a record review appeal.

12. The parties will notify the court as to the progress of any settlement discussions.

13. Plaintiff believes that the Court should set a date for hearing argument on their cross-motions, on or after May 1, 2009. Defendant takes no position on the need for argument, but stands ready to appear if the Court believes argument would assist it in deciding this case.

14. All matters which the Parties believe should be included in the scheduling order are set forth above.

| | |
|---|---|
| Dated: May 19, 2008 | By: /s/ William S. Eggeling<br>ROPES & GRAY LLP<br>William S. Eggeling<br>One International Place<br>Boston, Massachusetts 02110<br>(617) 951-7530<br>(admitted *pro hac vice*, MA Bar No. 151860)<br><br>Kevin J. Post<br>ROPES & GRAY LLP<br>(D.C. Bar No. 502119)<br>One Metro Center<br>700 12th Street, NW<br>Suite 900<br>Washington, DC 20005<br>(202) 508-4600<br><br>Attorneys for Plaintiff,<br>HALLMARK HEALTH SYSTEMS, INC. |

/s/ Jeffrey Taylor w/permission
JEFFREY TAYLOR
United States Attorney
D.C. Bar No. 498610

/s/ Christopher B. Harwood w/permission
Christopher B. Harwood
Assistant U.S. Attorney
N.Y. Reg. No. 4202982
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0372

/s/ Brett Bierer w/permission
Brett Bierer
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room C2-05-23
7500 Security Boulevard
Baltimore, Maryland 21244-1850
(410) 786-1473

4